UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:14-cv-01637-JMS-TAB |
| $14,610.00 UNITED STATES CURRENCY, | ) ) ) |
| Defendant. | ) ) |
| BRONSON T. WESTBROOK, | ) ) ) |
| Claimant. | ) |

**ORDER**

Before the Court is Bronson T. Westbrook's motion to reconsider the order granting the Government's first motion to compel, and the Government's second motion to compel.

This case has its origin in an automobile accident that resulted in police confiscating $14,610 from Westbrook's vehicle. The Government initiated a forfeiture action against the confiscated funds, which Westbrook disputed. The Government served Westbrook with ten interrogatories on November 11, 2014, but he failed to make a complete response. The Court granted the Government's first motion to compel Westbrook's response on April 27, 2015. It appears that Westbrook then made a number of partial responses which ultimately answered nine of the ten interrogatories. However, Westbrook did not sign his supplemental response dated May 14, 2015, and still refuses to answer interrogatory number eight. Westbrook's motion to reconsider asks the Court to deem his current answers a complete response to the Government's

interrogatories. The Government counters that the Court should deny this request and grant its second motion to compel.

As for Westbrook's motion to reconsider, Westbrook argues that he should not be required to answer interrogatory number eight because it is beyond the scope of allowable discovery. Westbrook argues the scope is limited to his identification and relationship to the disputed funds. But the scope of discovery is broadly defined as any nonprivileged information that is relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). Interrogatory number eight essentially asks for the identity of the two individuals who were in the vehicle with Westbrook before the disputed funds were confiscated and whether any portion belonged to those individuals. This information is relevant to Westbrook's ownership of the disputed funds, which affects his standing to challenge this forfeiture action. Moreover, standing is a threshold issue which the Government must address. Interrogatory number eight is relevant to Westbrook's claim to the disputed funds and is thus within the scope of allowable discovery. Westbrook's motion to reconsider is denied. Westbrook's response is not complete.

Westbrook's motion to reconsider also points to a lack of clarity in the Court's prior order dated April 27, 2015. The order states that Westbrook failed to respond to the Government's motion to dismiss, but Westbrook points out it was actually a motion to compel. While the Court agrees this clarification is appropriate, it still does not grant Westbrook any relief. The fact remains that Westbrook has failed to fully respond to the legitimate discovery the Government needs. Moreover, the subsequent denial of Westbrook's motion to dismiss was without prejudice, so he has the option of re-filing that motion.

As for the Government's second motion to compel, the Government argues that Westbrook should be ordered to answer interrogatory number eight and sign his supplemental

response under oath.  As just explained, interrogatory number eight is within the scope of allowable discovery.  The rules require each interrogatory response to be made under oath and signed.  Fed. R. Civ. P. 33(b)(3), (5).  A party's *pro se* status is not a license to disobey the rules or court orders.  *Mitchell v. Union Pac. R. Co.*, 501 F.3d 794, 796 (7th Cir. 2007).  Westbrook has failed to make a complete response to the Government's ten interrogatories from November 2014.  Westbrook must complete his response to the Government's interrogatories and comply with the Court's prior order.  The Government's second motion to compel is granted.  Within fourteen days Westbrook must give a complete answer to interrogatory number eight and sign his supplemental response under oath.

In summary, Westbrook's motion to reconsider [Filing No. 30] is granted in part only to the extent that this Court's prior order [Filing No. 27] is clarified consistent with this order.  The Government's second motion to compel is granted. [Filing No. 32.]  Westbrook has fourteen days to serve the Government with a complete answer to interrogatory number eight and his signed supplemental discovery response.

Date:  9/21/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana


Distribution:

BRONSON T. WESTBROOK
1334 S. Burlington Drive
Muncie, IN 47302

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

3